Bail to the action who entered into the recognizance un er the act of 1821, is not liable till after *ca sa* returned, tho' th t writ is abolish d by the act, and so the *scire facias* cannot be maintained.

## Peteet vs. Owsley.

Error to the Rockcastle Circuit; JOSEPH EVE, Judge.

*Bail. Scire facias. Conditions.*

Chief Justice BIBB delivered the Opinion of the Court.

JOHN OWSLEY sued a writ of *capias ad respondendum*, against Edward Evans, bearing teste on the 29th June, 1824, and by affidavit procured an endorsement of the writ, that bail was required. According to the form given by statute, Benjamin Peteet acknowledged himself special bail by endorsement on the writ, on the 29th June, 1824. Owsley recovered a judgment against Evans, at September term 1824, sued a *fieri facias*, which was returned no property found. Whereupon he sued a *scire facias* against the bail, and had judgment against him for the damages recovered against Evans.

The recognizance of bail to the action, or special bail, is an undertaking well known, and the law is well settled, that the bail can never be subjected to answer the debt or damages, without a *ca. sa.* against the principal. That is indispensable. The act of 1821, abolished all laws which authorized a *capias ad satisfaciendum*, and since that time no such writ could lawfully issue, to forfeit the recognizance aforesaid. Therefore, no *ca. sa.* has issued in this case before suing the *scire facias*, and none could have lawfully issued. The bail piece cannot, therefore, have been forfeited. Although the legislature did authorize bail to be demanded in certain cases, they failed to provide that any *ca. sa.* should issue against the principal in such cases, and did not provide any change in the undertaking of the bail, nor any mode by which the recognizance of bail should be forfeited. It is *casus omissus*, which this court cannot supply. It does judicially appear that the bail piece had not been forfeited, and therefore, judgment upon the *scire facias* should have been for the defendant.

Judgment reversed, and case remanded with direction to enter judgment for the defendant.

Plaintiff to recover his costs.

*Caperton*, for plaintiff; *Robertson*, for defendant.